UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE LAWTONE-BOWLES,<br><br>                              Plaintiff,<br><br>-against-<br><br>LIBERTY UNIVERSITY; LIBERTY UNIVERSITY SCHOOL OF HEALTH SCIENCES; MALLORY NICOLE BALL; BRENDAN HAYNIE; HEIDI DIFRANCESCA; LIBERTY UNIVERSITY ONLINE PROGRAMS,<br><br>                              Defendants. | 24-CV-4597 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Nicole Lawtone-Bowles, who resides in Highland Falls in Orange County, New York, brings this *pro se* action under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"), Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 ("Title IX"), and the Age Discrimination Act of 1975, 42 U.S.C. § 6101. The named Defendants, for whom Plaintiff provides addresses in Virginia, are: (1) Liberty University; (2) Liberty University School of Health Sciences; (3) Mallory Nicole Ball; (4) Brendan Haynie; (5) Heidi DiFrancesca; and (6) Liberty University Online Programs. Plaintiff alleges that Defendants violated her federally protected rights while she was enrolled in an online academic program at Liberty University, and that she was wrongfully expelled from the program. For the following reasons, this action is transferred to the United States District Court for the Western District of Virginia.

## DISCUSSION

Under the relevant venue provision, claims may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, a New York resident, filed this complaint against Liberty University and two of its programs, as well as three Liberty University employees. Liberty University is located in Lynchburg, Virginia. Plaintiff does not allege the residences of the individuals, but she provides work addresses for them in Lynchburg, Virginia. Because it does not appear that any defendant resides in this District, venue is not proper here under Section 1391(b)(1).

Plaintiff alleges that the events underlying this action occurred "in New York Via Online College Program." (ECF 1 ¶ III.) The Court understands Plaintiff to be alleging that because she was enrolled as an online student from her home in Orange County, New York, a substantial part of the events or omissions underlying this matter occurred in this District, and that venue is therefore proper here under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at in Lynchburg, Virginia, where most Defendants appear to reside, and it is reasonable to expect that all relevant documents and witnesses also would be located there. Lynchburg, Virginia, in Campbell County, is located in the Western District of Virginia. *See* 28 U.S.C. § 127(b).

Moreover, Plaintiff previously filed a complaint in this Court, asserting claims under Title IX and the Americans with Disabilities Act, arising out of her online enrollment at Liberty University. *See Lawtone-Bowles v. Liberty Univ.*, No. 22-CV-5756 (LTS) (S.D.N.Y. filed July 6, 2022) By order issued September 23, 2022, after granting Plaintiff notice and opportunity to respond, the Court transferred that matter, in the interest of justice under Section 1404, to the Western District of Virginia. *Id.*, ECF 9.[1]

For all these reasons, the Western District of Virginia appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of Virginia. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v.*

---

[1] That court dismissed the complaint for failure to state a claim. *See Lawtone-Bowles v. Liberty Univ.*, No. 22-CV-0057 (W.D. Va. Oct. 4, 2022).

*Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Virginia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 11, 2024
        New York, New York

                                                /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                            Chief United States District Judge